Weinrauch v New York Life Ins. Co. (2021 NY Slip Op 00138)





Weinrauch v New York Life Ins. Co.


2021 NY Slip Op 00138


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Kennedy, Shulman, JJ. 


Index No. 153127/12 Appeal No. 12823 Case No. 2019-05467 

[*1]William Weinrauch, Plaintiff-Appellant,
v
New York Life Insurance Company, Defendant-Respondent.


William Weinrauch, New York, appellant pro se.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New Jersey (Louis P. DiGiaimo of the bar of State of New Jersey, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered September 12, 2019, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss count five of the amended complaint, unanimously affirmed, with costs.
Defendant New York Life Insurance Company issued two disability insurance policies to pro se plaintiff William Weinrauch. In the original complaint, plaintiff alleges that defendant breached its obligation to pay him for residual disability coverage between 2003 and 2009. In the amended complaint, plaintiff raised a new claim, alleging that defendant also breached its obligation to pay him for total disability coverage as of 2003 to 2009.
The court properly dismissed plaintiff's new claim in the amended complaint. Plaintiff's allegation that he did not file a timely claim for total disability coverage because of misinformation he received from a customer representative in 2002 is clearly contradicted by documentary evidence (see Skillgames, LLC v Brody, 1 AD3d 247, 250 [1st Dept 2003]). The evidence plaintiff submitted only shows that he allegedly learned he could not file for partial disability coverage in 2002. No discussion was had concerning total disability coverage under his policies. Moreover, in plaintiff's own June 3, 2009 letter to defendant insurer, he asserted: "I believe that calendar year 2000 should constitute the measuring point for determining residual disability" and: "[m]y duties changed again materially beginning in calendar year 2007 and [I] believe that total disability could have occurred as early as then and certainly no later than mid 2008." At no time did plaintiff hint that he was entitled to total disability in 2003, nor did he ever submit a request for such coverage.
Moreover, the new claim is time-barred. Contrary to plaintiff's argument, the relation-back doctrine does not apply here. The initial complaint solely discussed the denial of residual disability coverage. Even the documentary evidence attached to the original complaint concerned residual disability coverage. Therefore, defendant did not have notice of the new claim alleging that defendant breached its obligations by failing to pay plaintiff total disability coverage as of 2003 (see CPLR 203[f]; O'Halloran v Metropolitan Transp. Auth., 154 AD3d 83, 87 [1st Dept 2017]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021